NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3826-15T1

LEE C. HUGUENIN,

 Appellant,

v.

BOARD OF REVIEW and
ARROW ENVIORNMENTAL SERVICES,

 Respondents.
_______________________________

 Argued July 25, 2017 – Decided August 4, 2017

 Before Judges Reisner and Suter.

 On appeal from the Board of Review, Department
 of Labor and Workforce Development, Docket No.
 077,567.

 Richard T. Smith argued the cause for
 appellant (Gill & Chamas, LLC, attorneys; Mr.
 Smith, on the brief).

 Marolhin D. Mendez, Deputy Attorney General,
 argued the cause for respondent Board of
 Review (Christopher S. Porrino, Attorney
 General, attorney; Melissa H. Raksa, Assistant
 Attorney General, of counsel; Ms. Mendenz, on
 the brief).

 Respondent Arrow Environmental Services has
 not filed a brief.

PER CURIAM
 Petitioner Lee C. Huguenin (petitioner) appeals the April 13,

2016 decision by the Department of Labor and Workforce Development

Board of Review (Board of Review) that denied his application for

unemployment benefits. We affirm.

 Petitioner was a pest control operator working full-time as

an employee of Arrow Environmental Services when on August 20,

2013, he sustained injuries on the job. He received workers'

compensation benefits from August 27, 2013 until November 12,

2015, and he was considered temporarily but totally disabled.

Petitioner was cleared to return to work on November 12, 2015. He

made application for unemployment benefits on November 15, 2015,

because his former employer no longer had employment for him. His

claim for benefits was denied on December 4, 2015. He appealed

to the Appeal Tribunal, which rejected his claim on January 15,

2016, following a hearing. Petitioner appealed to the Board of

Review, but it affirmed the denial of unemployment benefits by

final decision of April 13, 2016.

 Our review of an administrative agency decision is limited.

Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). Administrative

agency decisions are generally upheld on appeal unless they are

arbitrary, capricious, or unreasonable; are unsupported by

substantial credible evidence in the record; or are contrary to

 2 A-3826-15T1
express or implied legislative policies. Saccone v. Bd. of Trs.

of Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014); Lavezzi

v. State, 219 N.J. 163, 171 (2014). We give considerable weight

to a state agency's interpretation of a statutory scheme that the

[L]egislature has entrusted to the agency to administer[,]" In re

Election Law Enf't Comm'n Advisory Op. 01-2008, 201 N.J. 254, 262

(2010) (citing Richardson v. Bd. of Trs., Police & Firemen's Ret.

Sys., 192 N.J. 189, 196 (2007)); see also GE Solid State v. Dir.,

Div. of Taxation, 132 N.J. 298, 306 (1993), but we are not bound

by it. Lavezzi, supra, 219 N.J. at 172.

 The Board of Review did not err in rejecting petitioner's

claim for unemployment benefits. Eligibility for unemployment

benefits is determined by satisfying the requirements of N.J.S.A.

43:21-4. See N.J.A.C. 12:17-5.1 (describing basic unemployment

eligibility requirements). There was no dispute petitioner made

a claim for benefits and was cleared to work, satisfying three of

the four requirements. See N.J.S.A. 43:21-4(a)-(c). However,

petitioner did not meet the "base week" or "wages" requirements

under N.J.S.A. 43:21-4(e)(4) because his only income was from

workers' compensation.1 He does not dispute this.

1
 The applicable regulation provides:

 3 A-3826-15T1
 A petitioner who does not have sufficient qualifying "base

weeks" or "wages" to qualify for benefits has the option of

applying for benefits using one of two "alternative" base years

"if the period of disability was not longer than two years."

N.J.S.A. 43:21-19(c)(3). The regulations make clear the section

"applies to individuals receiving [w]orkers' [c]ompensation for a

period not to exceed two years." N.J.A.C. 12:17-5.6(a)(2). None

of the parties have disputed that petitioner received workers'

compensation benefits for more than two years. As such, petitioner

could not satisfy the fourth requirement of N.J.S.A. 43:21-4.

 Petitioner contends the period of time during which he

received workers' compensation should not be counted or, in the

 (a) To be eligible for benefits, an individual
 during his or her base year period, consisting
 of the first four of the most recent five
 completed calendar quarters preceding the date
 of the claim, shall have met the following
 requirements:

 1. Established 20 base weeks as defined
 at N.J.S.A. 43:21-19(t)(3) as an amount equal
 to 20 times the State minimum hourly wage;

 2. If the individual has not met the
 above requirement in (a)1 above, he or she
 must have earned an amount equal to 1,000
 times the State minimum hourly wage[.]

 [N.J.A.C. 12:17-5.1(a)(1)-(2).]

 4 A-3826-15T1
alternative, that workers' compensation temporary disability

benefits should constitute "wages" under the statute.

 The statute defines wages as "remuneration paid by employers

for employment." N.J.S.A. 43:21-19(o). Remuneration is defined

as "all compensation for personal services, including commission

and bonuses and the cash value of all compensation in any medium

other than cash." N.J.S.A. 43:21-19(p). Neither the definition

of "wages" nor "remuneration" expressly references temporary

disability benefits from workers' compensation. See N.J.S.A.

43:21-19(o)-(p). Also, in defining the "benefit year" for persons

"who immediately preceding the benefit year [were] subject to

. . . the workers' compensation law," the Legislature expressly

limited its applicability to a "period of disability . . . not

longer than two years." N.J.S.A. 43:21-19(c)(3).

 "To ascertain legislative intent, we begin with the statute's

plain language and give terms their ordinary meaning." State v.

S.B., __ N.J. __, __ (2017) (slip op. at 6) (citing DiProspero v.

Penn, 183 N.J. 477, 492 (2005)). Furthermore, "[w]hen the

Legislature sets out to define a specific term, 'the courts are

bound by that definition.'" Ibid. (quoting Febbi v. Bd. of

Review, 35 N.J. 601, 606 (1961)). We "consider extrinsic

interpretative aids" when a statute is "ambiguous," but in the

absence of ambiguity, "[i]t is not our function to rewrite a

 5 A-3826-15T1
plainly written statute or to presume that the Legislature meant

something other than what it conveyed in its clearly expressed

language." Ibid. (quoting Murray v. Plainfield Rescue Squad, 210

N.J. 581, 592 (2012)) (other citations omitted).

 Here, the statutory definition of wages and remuneration do

not include workers' compensation benefits, and the alternative

base years are limited to persons receiving workers' compensation

for fewer than two years. We cannot to rewrite these statutes.

The petitioner has the burden of showing an entitlement to

benefits. Brady, supra, 152 N.J. at 218. In following the

statutory language, the Board's decision was not arbitrary,

capricious or unreasonable.

 Affirmed.

 6 A-3826-15T1